IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY GENTILE | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-1704 |
| | : | |
| HARRISON TRADING GROUP, LLC | : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.** **February 6, 2009**

Gregory Gentile, a stock trader, asks this Court to vacate an arbitrator's award finding he owes Harrison Trading Group, LLC $115,461 under a financing contract, arguing he was not subject to the jurisdiction of the Chicago Board of Options Exchange (CBOE). Because I find Gentile's contract with Harrison Trading requires arbitration under the auspices of the CBOE, I will affirm the award.

FACTS

Gentile trades in stocks, stock options, and index funds as a member of the Philadelphia Stock Exchange. Harrison Trading provides capital to traders, and shares in the profits of the trades. On January 5, 2006, Gentile and Harrison Trading entered into an Independent Contractor Agreement, in which Harrison Trading agreed to provide capital to Gentile to trade securities, and the parties would share profits. Under the Agreement, Gentile indemnifies Harrison Trading for trading losses up to $100,000. Section 11(g) of the Agreement provides:

> Any claim or controversy arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration in the City of Chicago, Illinois in accordance with the rules of the Chicago Board of Options Exchange. In the event of any such proceeding, the prevailing party shall be entitled to recover from the non-prevailing party all of its attorneys' fees and expenses, in addition to such other damages as may

be awarded at law or in equity. Judgment upon the award may be entered in any court of competent jurisdiction possessing jurisdiction of arbitration awards.

Ex. A, Def.'s Br., § 11(g).

Harrison Trading discharged Gentile for trading losses on April 15, 2006. Gentile disputed his obligation to indemnify Harrison Trading for $100,000. On February 11 and 12, 2008, a panel of arbitrators selected by CBOE conducted an arbitration hearing to determine whether Gentile was obligated to indemnify Harrison Trading. Gentile and his legal counsel fully participated in the arbitration proceeding and presented evidence on why Gentile believed he did not have any duty to indemnify Harrison. After the two-day hearing, the arbitrators awarded Harrison Trading $100,000 in damages plus $15,461 in attorneys' fees and costs. Gentile did not object to the CBOE's jurisdiction prior to his bringing his request in this Court.

Gentile now asks this Court to vacate the award, arguing the award is void because he was not subject to the jurisdiction of the CBOE. Gentile makes no claim the CBOE arbitrators were biased, manifestly disregarded the law, or otherwise reached an erroneous conclusion as to the merits of Harrison's claim against Gentile.

**DISCUSSION**

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq*., does not confer federal jurisdiction, requiring an independent basis for jurisdictional. 9 U.S.C. § 4; *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 25 (1983). A motion to confirm, vacate, or modify an arbitration award may be brought where the award was made or in any district proper under the general venue statute. *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195 (2000). The general venue statute provides for venue in a diversity action in "a judicial district in which a substantial part

of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(2). The Plaintiff in this case, Gentile, is a resident of Philadelphia, and the Defendant is an Illinois corporation, which gives this Court jurisdiction.

Contracts to arbitrate are "valid, irrevocable, and enforceable," so long as their subject involves "commerce." 9 U.S.C. § 2. Only if the arbitrator were dishonest or exceeded its authority could this Court vacate the award. 9 U.S.C. § 10(a)(4).[1] Under the Federal Arbitration Act, courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement. *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 31 (1987). If an "'arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' the fact that 'a court is convinced he committed serious error does not suffice to overturn his decision.'" *E. Associated Coal Corp. v. Mine Workers,* 531 U.S. 57, 62 (2000) (quoting *Misco*, 484 U.S. at 38). This Court

[1]Same; vacation; grounds; rehearing

> **(a)** In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
>
> > **(1)** where the award was procured by corruption, fraud, or undue means;
> >
> > **(2)** where there was evident partiality or corruption in the arbitrators, or either of them;
> >
> > **(3)** where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> >
> > **(4)** where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

is "not free to vacate an award merely because it views the merits differently." *United Steelworkers of Am. v. Enter. Wheel & Car,* 363 U.S. 593, 596 (1960). This Court's review of the arbitrator's factual findings is not whether those findings were supported by the weight of the evidence or even whether they were clearly erroneous. All that is required is some support in the record. *NF&M Corp. v. United Steelworkers of Am.*, 524 F.2d 756, 759 (3d Cir. 1975). When the Court finds some support, the inquiry is over. *Tanoma Min. Co., Inc. v. Local Union No. 1269, United Mine Workers of Am.*, 896 F.2d 745, 748 (3d Cir. 1990).

Gentile argues the CBOE has arbitration authority only over disputes arising out of CBOE Exchange business, which he defines as "business transacted on the floors of the CBOE." The business relationship between Harrison Trading and Gentile involved only Gentile's transactions on the floors of the Philadelphia Stock Exchange. Therefore, Gentile concludes, the CBOE had no subject-matter jurisdiction over the dispute arising from the business relationship between Harrison Trading and Gentile, the CBOE wrongfully arbitrated this matter, and the CBOE's award is void.

Gentile's argument fails on two co-equal grounds: the contract required arbitration by the CBOE and Gentile waived his jurisdictional argument by participating in the CBOE arbitration. An arbitration provision is a binding agreement between parties; it is a creature of contract. *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 105 (3d Cir. 2000). A party who contracts for arbitration may be compelled to arbitrate. *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603 (3d Cir. 2002). A party to an arbitration waives its right to contest the jurisdiction of an arbitration board by failing to raise the question to the board. *Teamsters Local Union No. 764 v. J. H. Merritt & Co.*, 770 F.2d 40, 42 -43 (3d Cir.1985). The Third Circuit also holds in *J. H. Merritt* once parties have mutually agreed to refer a matter to an arbitrator, they are bound by his decision and may not later challenge his

authority to resolve the claim. *J. H. Merritt*, 987 F.2d at 168.

Gentile's attempt to limit the CBOE's rule for arbitration "of Exchange business" to that conducted on the exchange floor also fails. Cases have not limited "Exchange business" to involve only trading on the Exchange floor. *See Geldermann v. Mullins*, 524 N.E.2d 1212, 1216 (Ill. App. Ct. 1988) (compelling arbitration of a dispute over a computer program used by a member of the Chicago Board of Trade); *Zechman v. Merrill Lynch, Pierce, Fenner & Smith*, 742 F. Supp. 1359, 1368-69 (N.D. Ill. 1990) (finding retaliatory discharge and unpaid bonus claims arbitrable as arising out of Chicago Board of Trade business). Harrison Trading is a member of the CBOE. Gentile's contract authorized him to "trade securities and related options on securities for one or more designated accounts" at Harrison Trading. The parties' dispute over Harrison Trading's contractual right to indemnification for Gentile's securities trading losses falls within the definition of CBOE "Exchange business."

Because Gentile agreed by contract to arbitrate any dispute under the auspices of the CBOE and because he waived any jurisdictional objection by participating in the arbitration hearings, I will affirm the award of the arbitrators. Neither Gentile nor the facts of the case suggest the arbitrator was dishonest or exceeded its authority; therefore, I must deny Gentile's Motion to Vacate.

An appropriate Order follows.